```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
JOE HAND PRODUCTIONS, INC.,

                    Plaintiff,

         - against -                        MEMORANDUM AND ORDER
                                            20 Civ. 6534 (NRB)
MARISOL ROSSI, individually, and as an
officer, director, shareholder, member
and/or principal of SOLACE BAR & GRILL,
INC. d/b/a Solace Bar & Grill; and
SOLACE BAR & GRILL, INC. d/b/a Solace
Bar & Grill,

                    Defendants.
----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On August 17, 2020, plaintiff Joe Hand Promotions, Inc. brought this action against defendants Marisol Rossi and Solace Bar & Grill, Inc. ("Solace Bar & Grill").  Plaintiff alleges that defendants violated the Copyright Act, 17 U.S.C. § 501, et seq. and the Communications Act of 1934, 47 U.S.C. § 553, et seq. and 47 U.S.C. § 605, et seq. by intercepting and exhibiting a broadcast of the August 26, 2017 boxing match between Floyd Mayweather, Jr. and Conor McGregor (the "Fight") to their patrons in violation of plaintiff's exclusive rights of distribution and public performance for the Fight.  ECF No. 1 ¶¶ 1, 12.  Plaintiff further claims that defendants could have purchased a license to broadcast the Fight lawfully for $6,700.00.  See ECF No. 1 ¶ 11, ECF No. 35-4.

1

Plaintiff initially attempted to serve Rossi on October 6, 2020; November 14, 2002; and November 16, 2020.  ECF Nos. 14-15.  Rossi was served on November 17, 2020.[1]  ECF No. 22.  On November 18, 2020, this Court granted plaintiff's motion for an extension of time to serve and extended the deadline for service until January 18, 2021.  ECF No. 18.  Solace Bar & Grill was served on December 14, 2020.  ECF No. 23.  On August 16, 2021, after defendants failed to answer the complaint, the Clerk of Court entered certificates of default as to both defendants.  See ECF Nos. 34-35.  Thereafter, on December 31, 2021, plaintiff moved for default judgment.  See ECF No. 35. In its memorandum of law in support of its motion for default judgment, see ECF No. 35-1 at 16, plaintiff claims $27,515.00 in damages pursuant to the Communications Act and $715.00 in costs.[2]  Plaintiff also seeks $4,180.00 in attorney's fees.  ECF No. 36 ¶ 11.

I.  **Legal Standard**

Plaintiff claims damages under Section 605 of the Communications Act, which protects against the "the interception of cable-borne, as well as over-the-air, pay television where cable-borne transmissions originate as satellite transmissions."

---

[1]  Rossi filed a pro se motion to dismiss for improper service, ECF No. 17, and a subsequent letter asking the Court to reconsider its grant of plaintiff's motion for an extension of time to serve, ECF No. 19.  On December 5, 2020, the Court denied Rossi's motion to dismiss and request for reconsideration, ECF No. 21.  Rossi has not taken any further action in this matter.
[2]  While plaintiff alleged violations under both the Copyright Act and the Communications Act, plaintiff only seeks damages under the Communications Act. See ECF No. 35-1 at 4 n. 1.

Top Rank, Inc. v. Ortiz, No. 01 Civ. 8427, 2003 WL 1960211, at *2 (S.D.N.Y. Mar. 27, 2003) (citing Cablevision Sys. New York City Corp. v. Lokshin, 980 F. Supp. 107, 112 (E.D.N.Y. 1997)). Section 605 provides for penalties "of not less than $1,000 or more than $10,000, as the court considers just" for each violation of section 605(a), 47 U.S.C. § 605(e)(3)(c)(i)(II), and for an additional amount of as much as $100,000 where the violations were committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," id. § 605(e)(3)(c)(ii). With respect to willfulness, "the question for the court is whether the defendant has exhibited disregard for the governing statute and an indifference for its requirements." Joe Hand Promotions, Inc. v. Levin, No. 18 Civ. 9389, 2019 WL 3050852, at *4 (S.D.N.Y. July 12, 2019) (internal quotation marks and citation omitted). In addition, Section 605 directs the Court to award "full costs," including reasonable attorneys' fees, "to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(b)(iii). Here, plaintiff sought $6,700 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(c)(i)(II), as well as an additional $20,100 for willful violation of Section 605(a) pursuant to § 605(e)(3)(c)(ii), and $4,180 in fees and $715 in costs pursuant to 47 U.S.C. § 605(e)(3)(b)(iii).

When determining an award of statutory damages, a court may consider a variety of factors, including "the expenses saved, and

profits earned, by the infringer;" "the deterrent effect on the infringer and third parties;" and "the revenue lost by the copyright holder." Bryant v. Media Right Productions Inc., 603 F.3d 135, 144 (2d Cir. 2010).

**II. Application**

    **1. Liability**

Where, as here, defendants have defaulted, all of plaintiff's factual allegations, except those related to damages, must be accepted as true. Garden City Boxing Club, Inc. v. Guzman, No. 03 Civ. 8776 (DC) (JCF), 2005 WL 1153728, at *2 (S.D.N.Y. Apr. 26, 2005). Plaintiff alleges that defendants, without a license authorizing them to do so, pirated the Fight through an unauthorized cable signal, satellite signal, and/or internet stream. ECF No. 1 ¶ 11; see also ¶¶ 12-13. Plaintiff also submits evidence that Rossi is listed on the liquor license for Solace Bar & Grill. ECF No. 35-8. Accordingly, plaintiff is entitled to a default judgment on its Communications Act claim against the defendants. Kingvision Pay-Per-View Ltd. v. Hansen, No. 02 Civ. 6587, 2004 WL 744230, at *2 (S.D.N.Y. Apr. 5, 2004) (47 U.S.C. § 605(a) protects against the theft of "satellite communications such as the fight").

Enhanced damages are available when a plaintiff willfully violates the Communications Act. Courts presume willfulness arises when a program is broadcast without authorization, as was

the case here.  See, e.g., J & J Sports Prods., Inc. v. Morocho, 18 Civ. 2303 (AMD)(RLM), 2019 WL 1339198, at *6 (E.D.N.Y. Feb. 27, 2019) ("The fact that [the defendant] broadcast the [p]rogram without authorization establishes the willfulness of its conduct."), report and recommendation adopted, 2019 WL 1333245 (E.D.N.Y. Mar. 25, 2019).  Additionally, plaintiff submits an affidavit stating that the affiant was charged a $20 cover charge to enter Solace Bar & Grill on the evening of the Fight.  ECF No. 35-5 at 1.  Thus, plaintiff has established willfulness.

### 2. Damages

Plaintiff requests $6,700 in statutory damages, plus an additional $20,100.00 in enhanced damages because the violation was willful.  "In considering damages under Section 605, courts may look to a variety of factors, including the market value of the rights infringed and the revenue lost by plaintiff—i.e., the unpaid licensing fee—as well as the deterrent effect that damages might have on the infringer and third parties."  G&G Closed Cir. Events, LLC v. Batista, No. 20 Civ. 5073 (NRB), 2021 WL 293150, at *2 (S.D.N.Y. Jan. 28, 2021).  Here, notwithstanding the defendants' willful violation, we find plaintiff's request excessive.  Joe Hand Promotions, Inc. v. Hernandez, No. 03 Civ. 6132 (HB), 2004 WL 1488110, at *5 (S.D.N.Y. June 30, 2004) (noting in determining damages that "the value of deterrence must be balanced against the inequity of imposing heavy financial burdens on small businesses.

The sting of an enhanced award should not be greater than deterrence requires and fairness allows.").

Neither fairness nor deterrence supports an award of enhanced damages here. Solace Bar & Grill appears to have gone out of business. A Google search for Solace Bar & Grill indicates that the business is "permanently closed." See Solace Bar & Grill, Google.com, https://www.google.com/search?q=solace+bar+and+grill (last visited August 22, 2022). Accordingly, we find that there is little need for specific deterrence in this case. We also consider as mitigating factors "the absence of any indication that plaintiff has previously sought enforcement against these defendants, the lack of evidence that this establishment was a sizeable or up-scale venue earning significant amounts of money from this practice, and the small number of patrons found by the investigator." Joe Hand Promotions, Inc. v. Martinez, No. 07 Civ. 6907(GBD)(MHD), 2008 WL 4619855, at *6 (S.D.N.Y. Oct. 17, 2008).

Here, there is no indication that plaintiff had previously sought enforcement against these defendants. Similarly, it appears that defendants were not earning significant amounts of money from this practice. Indeed, any profit defendants received as a result of the Fight was minimal; the affidavit filed in support of this action indicates that only 67 people, at most, were present. ECF No. 35-5 at 1. Even accounting for the $20 cover charge that each patron would have paid to enter Solace Bar

6

& Grill and assuming that each patron purchased food and/or alcohol, defendants' profits on the night of the Fight are likely dwarfed by the statutory penalty plaintiff requests.

Moreover, the actual damages plaintiff suffered were likely nonexistent.  Plaintiff submits that, in order to legally show the Fight, defendants would be required to purchase a $6,700 license. ECF No. 35-1 at 9.  It seems doubtful that the defendants, in light of the low cover charge they imposed for the Fight and small number of attendees who were present, could have feasibly afforded that $6,700 licensing charge.  Accordingly, it follows that had defendants not shown the Fight illegally, they likely would not have shown it at all.  Thus, plaintiff's true actual damages would only be any reputational injury, which is speculative.

Accordingly, the Court finds that a penalty of $2,500.00 in statutory damages is sufficient to compensate plaintiff for its loss.  In light of the foregoing circumstances, the Court declines to award enhanced damages.  See J & J Sports Prods., Inc. v. Mar Y Las Estrellas Rest. Corp, No. 17 Civ. 1190 (MKB) (ST), 2018 WL 4583489, at *7 (E.D.N.Y. Sept. 25, 2018) ("Mar Y Las Estrellas appears to be a small business for which statutory damages will provide a sufficient penalty.").

### 3. Attorneys' Fees and Costs

Finally, plaintiff seeks an award of attorneys' fees and costs.

With respect to attorneys' fees, plaintiff requests reimbursement of $4,180. The requested fee reflects (a) 9.8 hours of attorney time billed at $400 per hour for a lawyer to review the claims, and prepare the complaint, proof of service of process papers, certificate of default papers, and the instant motions for default judgment and costs and fees, and (b) 2.6 hours of paralegal time billed at $100 per hour for time spent reviewing the case files and assisting with preparing the filings in this case. ECF No. 36 at 2. The Court finds that these fees are reasonable and therefore plaintiff may recover the full amount of its attorneys' fees under Section 605(e)(3)(B)(iii).

Plaintiff seeks costs in the amount of $715, comprised of $400 in the costs to file this action and $315 to effectuate service. While Section 605(e) of the Communications Act permits recovery of "full costs," the Supreme Court has clarified that this type of statutory language does not expand recovery beyond the costs "specified in the general costs statute, [28 U.S.C.] §§ 1821 and 1920." Rimini St., Inc. v. Oracle USA, Inc., 139 S. Ct. 873, 881 (2019). The general costs statutes, in turn, permit recovery of certain types of witness costs, clerk and marshal fees, transcript fees, printing fees, copying and exemplification fees, docket fees, and court-appointed expert and interpreter fees. 28 U.S.C. §§ 1821, 1920. While costs for private process servers are also not enumerated in the general costs statute, the Second

Circuit has recognized that parties may recover private process server costs "only to the extent that they do not exceed the costs" that the United States Marshals Service would have incurred to effect service. U.S. v. Merritt Meridian Constr. Corp., 95 F.3d 153, 172 (2d Cir. 1996). The current rate for United States Marshals Service to effect service is $65.00 per hour. See 28 C.F.R. § 0.114.

The process server invoice annexed in support of this motion does not specify the number of hours spent attempting to serve the defendants, but does demonstrate that the process server served Solace Bar & Grill through the New York Secretary of State and served Rossi on November 17, 2021. ECF No. 35-9. It further appears from the docket that plaintiff attempted to serve Rossi on October 6, 2020, November 14, 2020, and November 16, 2020, ECF No. 14-15, although these costs are not reflected on the process server invoice annexed in support of this motion, see ECF No. 35-9. Thus, the Court finds plaintiff's request for the process server's fees to be reasonable and appropriate.

Finally, plaintiffs are entitled to fully recover the $400 in filing fees, as those costs are taxable under Section 1921(1).

**IV. Conclusion**

For the foregoing reasons, the Court grants plaintiff's motion for default judgment and awards plaintiff damages in the sum of $2,500.00, plus post-judgment interest to be calculated

9

from the date of entry of the judgment by the Clerk of Court at the rate set forth in 28 U.S.C. § 1961.  The Court also awards costs in the amount of $715.00 and fees in the amount of $4,180.00

The Clerk of Court is respectfully directed to enter final judgment in favor of plaintiff and to terminate the motions pending at ECF No. 35.

**SO ORDERED.**

Dated:    New York, New York
          August 30, 2022

                                                                         NAOMI REICE BUCHWALD
                                                  UNITED STATES DISTRICT JUDGE