```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOE HAND PROMOTIONS, INC.,

                Plaintiff,                    MEMORANDUM AND ORDER

        - against -                           20 Civ. 6534 (NRB)

MARISOL ROSSI, individually, and as an
officer, director, shareholder, member
and/or principal of SOLACE BAR & GRILL,
INC. d/b/a Solace Bar & Grill; and SOLACE
BAR & GRILL, INC. d/b/a Solace Bar &
Grill,

                Defendants.
------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On August 30, 2022, this Court entered a Memorandum and Order granting plaintiff's motion for default judgment and awarding plaintiff damages in the sum of $2,500.00 plus post-judgment interest; costs in the amount of $715.00; and attorney's fees in the amount of $4,180.00, for a total sum of $7,395.00. Memorandum and Order, ECF No. 37 (the "Memorandum & Order" or "Mem. & Order"). On September 15, 2022, plaintiff filed a motion for reconsideration of the Court's $2,500 damages award and now seeks $13,400.00 -- i.e., twice the licensing fee charged by plaintiff for the commercial broadcast of the August 26, 2017 fight between Floyd Mayweather Jr. and Conor McGregor (the "Fight") -- instead of the request in its original motion of $27,515.00 -- i.e., four

1

times the licensing fee plus $715.00 in costs.  ECF No. 39 ("Mot." or the "Motion") ¶¶ 2-3; Mem. & Order, at 2.[1]

The Court's reasoning in the Memorandum & Order was grounded in the realistic conclusion that plaintiff's actual damages were functionally non-existent, because a small establishment like Solace Bar & Grill ("Solace") would never, in the normal course of business, have paid plaintiff's $6,700 licensing fee.  Mem. & Order, at 6-7.  Our conclusion was based on the evidence, presented by plaintiff, that only a limited number of patrons (approximately 67) watched the Fight at Solace that evening and paid a $20 cover charge.  Id. at 7; Memorandum of Points and Authorities in Support of Plaintiff's Motion for Default Judgment ("Pl. Mem."), at 12, ECF No. 35-1.  If anything, the Court's original award was a reasonable approximation of a disgorgement penalty.

Plaintiff nonetheless accuses the Court of having "made a clear error," because we "underrat[ed] the importance of deterrence in this matter."  Mot. ¶ 10.  In support, it argues that "the Court did not consider that this is the second case in this district against [d]efendants for the unauthorized broadcast

---

[1] "The decision to grant or deny a motion for reconsideration rests within 'the sound discretion of the district court.'" Coventry Capital US LLC v. EEA Life Settlements Inc., 439 F. Supp. 3d 169, 175 (S.D.N.Y. 2020) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).  "The standard for granting [] a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the [C]ourt." Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (quoting Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 54 (2d Cir. 2019)).

of pay-per-view programming," as well as "the second time [d]efendants flouted the legal process and the Court's authority by not defending the case." Mot. ¶ 7 (citing G&G Closed Cir. Events, LLC v. Rossi, No. 20-cv-03491 (PGG) (S.D.N.Y. May 5, 2020)).

As an initial matter, we indisputably acknowledged in the Memorandum & Order that deterrence was an important consideration in determining our damages award. Mem. & Order, at 5. The Court simply disagreed with plaintiff that we were consequently required to award enhanced damages in this particular context. Id. at 6. We are also bewildered that plaintiff would fault the Court for "not consider[ing]" a case that plaintiff never brought to our attention in its original submission. See Pl. Mem. Indeed, the Memorandum & Order specifically noted that there was no indication of a previous enforcement action against the defendants. Mem. & Order, at 6.

That said, because this new information "might reasonably be expected to alter the conclusion reached by the [C]ourt," Cho, 991 F.3d at 170, we will grant plaintiff's motion for reconsideration and modify our original decision to award $5,000.00 in damages. The original award of costs and attorney's fees remains the same.

3

**SO ORDERED.**

DATED:   New York, New York
         January 26, 2023

                                                           NAOMI REICE BUCHWALD
                                                           UNITED STATES DISTRICT JUDGE